**In the Matter of the Application for the Discipline of Kenneth Allen JOHNSON, an Attorney at Law of the State of Minnesota.**

No. 50660.

Supreme Court of Minnesota.

Nov. 7, 1980.

Michael J. Hoover, Administrative Director on Professional Conduct and Bruce E. Martin, Asst., Lawyers Professional Responsibility Board, St. Paul, for appellant.

Ruvelson & Kautzer and Edward Kautzer, St. Paul, for respondent.

PER CURIAM.

Kenneth Allen Johnson has been duly licensed to practice law in the State of Minnesota since October 21, 1977. His legal practice has been limited to serving as corporate counsel for a six–month period in 1978. In 1977, Johnson's duties as a credit manager led to his involvement with other employees in a scheme to divert funds obtained in the resale of repossessed housetrailers. As a result of these activities, Johnson pled guilty to theft of over $2,500 and is currently on probation for this offense. Sentencing has been deferred until September 9, 1984, and if the conditions of probation are fulfilled, Johnson will have no felony record. The Board of Professional Responsibility initiated disciplinary proceedings against Johnson.

The matter was referred by this court to the Honorable Ben F. Grussendorf, retired district judge, who made in part the following findings of fact:

II.

D. Respondent is an alcoholic. He has maintained total abstinence since January 10, 1979. Since then, he has completed a three–week, out–patient alcohol treatment program. He was admitted to membership in Lawyers Concerned for Lawyers on August 8, 1979, but has not attended meetings since October, 1979. He currently attends an Alcoholics Anonymous meeting in Shoreview approximately every other week.

III.

\* \* \* \* \* \*

H. From December, 1977 through May 1978, without the knowledge, consent, or authorization of UNPP, the original owner of the repossessed home, the credit insurer, or anyone else with a right, claim, or title to the overages, Respondent and his coconspirators converted overages to their own use and benefit.

During his employment by UNPP, Respondent wrongfully received and accepted approximately $2100 as his share of the converted funds. In addition, another $2840 in converted funds were deposited to the account of Suburban Sales.

\*   \*   \*   \*   \*   \*

## IV.

\*   \*   \*   \*   \*   \*

C. In August, 1979, Respondent entered a plea of guilty to Count II of File No. 72386, theft over $2500. Petitioner's Exhibit 3.

\*   \*   \*   \*   \*   \*

E. Stay of imposition of sentence was stayed until September 9, 1984, on certain conditions, including the following:

(1) That Respondent serve the first year of the stay in the Hennepin County Adult Correctional Facility, pursuant to Minnesota Statute, Sec. 631.425, and

(2) That Respondent make restitution in the amount of $5,000, and

(3) That Respondent continue in AA and abstain from all mood–altering chemicals. Petitioner's Exhibit 3.

\*   \*   \*   \*   \*   \*

## V.

A. It appears from Respondent's Exhibit G, a report of a Doctor Rauenhast, Psychiatrist submitted at the hearing, that Respondent's judgment might well have been affected by the amount of alcohol he consumed during the time period in question.

\*   \*   \*   \*   \*   \*

C. Tax Returns for 1978, Respondent's Exhibits D and C, indicate he reported the sums now admitted he converted as income.

D. It appears that Respondent has been cooperative and candid with Petitioner's investigation and made a full and complete disclosure of the facts, at a time which referee believes was prior to the issuance of the petition for disciplinary action.

E. Respondent has no prior record of misconduct before this Professional Responsibility Board and his only other criminal convictions, other than the one concerning this disciplinary matter, were one or two for driving while intoxicated in 1974.

Based on all of these findings, the referee concluded that the acts of Johnson were a violation of the Code of Professional Responsibility.

The referee recommended to this court that the following discipline was appropriate:

This referee, for reasons as developed in the Findings of Fact and also in the attached memorandum, recommends:

I. That the Respondent, Kenneth Allen Johnson, be suspended from the practice of law for a period of 36 months, commencing March 9, 1979; provided however, if at the expiration of this time period, it should develop that he is still subject to the terms of Hennepin County District Court File No. 72386, then in that event, this suspension shall be considered continued until such time as he is discharged or released from all of the terms of such conviction.

II. That subsequent to the expiration of such suspension period, when and if he then practices law, he will be placed on supervised probation for 24 months upon the following conditions:

A.) Respondent must refrain from the use of alcohol.

B.) Respondent must regularly attend meetings of Alcoholics Anonymous or other out–patient treatment acceptable to petitioner.

C.) That respondent must then enter into agreements with petitioner, satisfactory to petitioner for supervision of his professional activities by one or more supervising attorneys, who shall periodically reveiew [sic] Respondent's books, records, ledgers and accounts pertaining to his office and trust accounts, to insure compliance with DR 9–102 and DR 9–103, and further to assist Respondent in an orderly arrangement for payment of any

financial obligations and shall keep appraised whether Respondent is continuing to abstain from the use of alcohol.

In a memorandum accompanying his recommendations, the referee stated in part:

This Referee is of the opinion that this situation could well call for the drastic procedure of disbarment. However, mitigating circumstances, such as alcoholism and Respondent's voluntarily seeking and obtaining appropriate treatment, together with his age and limited period of practice, a stable family relationship and his candor and cooperation in admitting his conversions, gives this Court reason to believe that he can still be considered in the future, a fit person to practice law and become a credit to his profession.

We accept the recommendations of the referee with modifications as follows:

1. Kenneth Allen Johnson shall be indefinitely suspended from the practice of law in the State of Minnesota.

2. Johnson may apply to this court for readmission to the practice of law after January 1, 1983, upon a showing and agreement that the following conditions will be complied with:

a. That he is no longer under probation and that the deferred sentencing procedures have been completed in a manner which resulted in no sentence being imposed for the crime to which he has entered a plea of guilty.

b. That he has refrained from the practice of law.

c. That he has refrained and will continue to refrain from the use of alcohol.

d. That he has regularly attended and will continue to attend meetings of Alcoholics Anonymous or other acceptable out-patient alcoholic treatment programs.

e. That he will agree to supervised practice of law under conditions established by the Board of Professional Responsibility for a period of two years following his readmission.

f. That he has reimbursed the Board of Professional Responsibility for the costs of these proceedings.

Kenneth Allen Johnson is indefinitely suspended from the practice of law with right of readmission subject to the conditions set forth in this opinion.